**ZHEN–EN ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–4462–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen–En Zheng, a native and citizen of the People's Republic of China, seeks review of a September 25, 2007 order of the BIA denying his motion to reopen. *In re Zhen–En Zheng,* No. A070 901 147 (B.I.A. Sept. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers rele-

Acting Attorney General Peter D. Keisler, as respondent in this case.

vant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Zheng's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

While Zheng argues that the BIA's analysis of his evidence was inadequate, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Here, the BIA reasonably questioned the reliability of the Shouzhan Village Notice because it was an unauthenticated photocopy without an original signature, in light of the adverse credibility determination rendered against Zheng in his underlying proceedings. *See Qin Wen Zheng v. Gon-*zales, 500 F.3d 143, 146–48 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error when its rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication). Moreover, the BIA reasonably concluded that Zheng failed to demonstrate that returning Chinese nationals with foreign-born children would be subjected to sanctions rising to the level of persecution. *See Jian Hui Shao*, 546 F.3d at 162–68.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).